**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| CAROLYN KINSER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 4:05-cv-86 (CAR) |
| | : | |
| THE PLANS ADMINISTRATION | : | |
| COMMITTEE OF CITIGROUP, INC. | : | |
| AS ADMINISTRATOR OF THE | : | |
| ASSOCIATES FIRST CAPITAL | : | |
| CORPORATION LONG-TERM | : | |
| DISABILITY PLAN, | : | |
| | : | |
| Defendant. | : | |

**ORDER ON MOTION FOR INTEREST, ATTORNEYS' FEES, EXPENSES, AND
REINSTATEMENT OF ANCILLARY BENEFITS**

Before the Court is Plaintiff Carolyn Kinser's Motion and Memorandum of Law of the Issues of Interest, Attorneys' Fees, Expenses, and Reinstatement of Ancillary Benefits [Doc. 52], filed pursuant to 29 U.S.C. § 1132 (g)(1), the attorney's fee provision of the Employee Retirement Income Security Act of 1974 ("ERISA"). The Court carefully considered the motion, as well as memoranda submitted by both parties, and as explained below, **GRANTS** Plaintiff's Motion.

**I.    BACKGROUND**

This action arose out of Defendant's termination of Plaintiff's long term disability insurance benefits under ERISA. The Court summarized the pertinent facts of this case in a previous Order dated March 29, 2007 [Doc. 49]. In the Order, the Court granted Plaintiff's Motion for Summary Judgment and denied Defendant's cross Motion for Summary Judgment, finding Defendant's termination of Plaintiff's long term benefits was wrong and unreasonable.

## II.     DISCUSSION

### A. Interest

Plaintiff seeks to recover interest on her unpaid benefits since May 31, 2003. The award of an amount of pre-judgment interest in an ERISA case is a matter "committed to the sound discretion of the trial court." Moon v. Am. Home Assurance Co., 888 F.2d 86, 89-90 (11th Cir. 1989). This circuit has held that good faith is not a defense to pre-judgment interest. See Hembree v. Georgia Power Co., 637 F.2d 423, 430 (5th Cir. 1981) (citation omitted). Rather, the decision as to whether to award pre-judgment interest should be grounded in the question of whether such an award would succeed in making the wronged party whole. Id. at 430 (finding pre-judgment interest appropriate whether "the only way the wronged party can be made whole is to award him interest from the time he should have received the money.") (quotation marks and citation omitted). Here, the Court finds an award of pre-judgment interest appropriate. Defendant wrongfully terminated Plaintiff's disability benefits and thus, since May 31, 2003, Plaintiff has been without any disability benefits.

Having found that an award of pre-judgment interest is appropriate in this case, the Court must next determine the rate of pre-judgment interest. Because there currently exists no statutory provision that provides the rate of pre-judgment interest, the Eleventh Circuit has endorsed the practice of looking to analogous state law provisions. See Florence Nightingale Nursing Serv., Inc. v. Blue Cross/ Blue Shield of Alabama, 41 F.3d 1476, 1484 (11th Cir. 1995). Accordingly, this Court looks to Georgia's statutorily mandated post-judgment interest rate for guidance. See Smith v. Am. Intern. Life Assur. Co. of New York, 50 F.3d 956, 958 (11th Cir. 1995) (approving the pre-judgment application of the post-judgment interest rate found in O.C.G.A. § 7-4-12. O.C.G.A. § 7-

4-12 requires a rate of 9% per year.[1]  The Court finds this to be an appropriate amount and therefore GRANTS Plaintiff's Motion on the issue of pre-judgment interest and awards it at a rate of 9% per year, to be compounded annually.

**B. Attorneys' Fees and Expenses**

*1. Award of Attorneys' Fees*

Plaintiff also seeks to recover $62,222.21 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1) of the ERISA statute.  In its discretion, the Court may grant reasonable attorneys' fees and costs to either party.  See 29 U.S.C. § 1132(g)(1).  However, there is "no presumption in favor of granting attorney's fees to a prevailing claimant in an ERISA action."  Wright v. Hanna Steel Corp., 270 F.3d 1336, 1344 (11th Cir. 2001) (quoting Freeman v. Cont'l Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 2001).  In order to determine whether to award attorneys' fees the Court must consider the following factors:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of attorney's fees;

(3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA

---

[1] O.C.G.A. § 7-4-12 states that the post judgment interest rate is the prime rate as established by the Board of Governors of the Federal Reserve System, published in statistical release H.15 or any publication that my supersede it, on the day that judgment is entered plus three percent.  According to the Federal Reserves' website, the prime rate on March 18, 2008, is 6.00%.

itself; and

(5) the relative merits of the parties' positions.

Id. at 1344-45. (citations omitted). No one of these factors "is necessarily decisive, and some may not be apropos in a given case, but together they are a nuclei of concerns that a court should address. . . . In particular types of cases, or in any individual case, however, other considerations may be relevant as well." Florence Nightingale Nursing Serv. v. Blue Cross/Blue Shield, 41 F.3d 1476, 1485 (11th Cir. 1995). A district court may, in its discretion, consider only those factors it deems important. See id. In some cases additional considerations may be relevant to the determination. Freeman, 996 F.2d at 1119.

Applying the factors to this case, the Court finds that an award of attorneys' fees is appropriate.

### a. Bad Faith

The first factor, Defendant's degree of bad faith or culpability, favors an award of attorneys' fees in this case. As explained in its Order on Motions for Summary Judgment, the Court found, under the arbitrary and capricious standard of review, that Defendant's decision to deny Plaintiff long-term disability benefits was wrong and unreasonable because it was not made rationally and in good faith. The Court found that Defendant unreasonably relied primarily on a one-hour file review of limited medical evidence conducted by a non-treating, non-examining, consulting physician who earns a living by conducting file reviews for disability insurance companies like Defendant, while essentially disregarding the opinion of Plaintiff's treating physician. (Order, p. 23-24.) The facts of this case and the findings of the Court are fully supportive of a determination that Defendant was at least culpable, if not acting in bad faith, in terminating Plaintiff's long-term

4

disability benefits.

### b. Ability to Satisfy Award

With regard to the second factor, it is essentially undisputed that Defendant can satisfy an award of attorneys' fees in this case, and thus, this factor weighs in favor of such an award.

### c. Deterrence

The third factor asks whether an award of attorneys' fees assessed against Defendant would act as a deterrent to other persons. The Court finds that it would. The Eleventh Circuit has recognized that in ERISA cases, "the deterrent value of an award of attorneys' fees is high." National Cos. Health Benefit Plan v. St. Joseph's Hosp., Inc., 929 F.2d 1558, 1675 (11th Cir. 1991), *abrogated on other grounds*, Geissal v. Moore Medical Corp., 524 U.S. 74 (1998). The court explained that if the insurer

> did not have to pay the appellees' attorneys' fees, it would only be liable for what it should have covered before this litigation commenced. With nothing to lose but their own litigation costs, other ERISA-plan sponsors might find it worthwhile to force underfinanced beneficiaries to sue them to gain their benefits or accept undervalued settlements.

Id.; see also Stvartak v. Eastman Kodak Co., 945 F. Supp. 1532, 1547 (M.D. Fla. 1996) (stating that "[w]ith little to lose but the amount that should have been paid without litigation, Kodak and other companies might be encouraged to force beneficiaries to sue them to receive their benefits"); aff'd without op., 144 F.3d 54 (11th Cir. 1998).

Here, the Court has found that the manner in which Defendant decided to terminate Plaintiff's benefits renders Defendant at least culpable. Given this finding, the Court concludes that awarding Plaintiff attorneys' fees presumably will serve some deterrent value to relying primarily on non-treating, non-examining, consulting physicians' opinions after a one-hour cold file review,

while excluding the opinions of treating physicians. Moreover, the Court finds that the reasoning espoused in National Companies, above, applies equally in this case. Thus, this factor weighs in favor of an award of attorneys' fees to Plaintiff.

### d. Significant legal question

The fourth factor addresses whether the party requesting attorney's fees sought to benefit all participants of the plan or to resolve a significant legal question pertaining to ERISA. Plaintiff essentially concedes that this action was not brought to benefit all participants of the plan at issue, but disagrees with Defendant that this action did not resolve any significant legal questions regarding ERISA. The Court disagrees and finds that this factor weighs against awarding Plaintiff attorneys' fees. The Court's finding in this case turned on the unique facts of this case and does not resolve any significant legal issues regarding ERISA.

### e. Merits

Finally, the fifth factor turns on whether the merits of Plaintiff's position relative to Defendant's position warrant an award. The Court finds that it does. This Court ruled in Plaintiff's favor, finding under a strict arbitrary and capricious standard that Plaintiff was wrongfully and unreasonably denied her long-term disability benefits. Weighing these five factors, the Court finds that Plaintiff is entitled to an award of attorneys' fees. The Court now turns to determining a reasonable amount.

## 2. *Amount of Attorneys' Fees*

In determining a reasonable amount of attorneys' fees, the Court must calculate the "lodestar," which is determined by multiplying a reasonable hourly rate by the hours reasonably expended and then accounting for other considerations that may require an enhancement or reduction

6

of the fee. See Norman v. Hous. Auth., 836 F.2d 1292, 1302 (11th Cir. 1988). Factors courts should consider in calculating an award include: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the expertise, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson v. Ga. Hwy. Express, Inc., 488 F.2d 714, 717-719 (5th Cir. 1974), *abrogated in part on other grounds*, Blanchard v. Bergeron, 489 U.S. 87 (1989); see also Cable/Home Comm. Corp. v. Network Prod., Inc., 902 F.2d 829, 853 (11th Cir. 1990).

The party seeking attorneys' fees, Plaintiff in this case, bears the burden of establishing a reasonable hourly rate and the number of hours reasonably expended. See id. at 1303. Ultimately, the trial court has the discretion to determine reasonable attorneys' fees: "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." See Norman, 836 F.2d at 1303 (citations omitted).

Here, Plaintiff seeks $60,185.00 in attorneys' fees for 221.85 total hours spent in legal work pertaining to this case. The 221.85 hours encompass the work of three attorneys specializing in ERISA cases: Heather K. Karrh, working 171.8 hours at $275.00 per hour; Michael J. Hofrichter working 29.3 hours at $300.00 per hour; and Gary O. Bruce working 20.75 hours at $200.00 per hour.

a. *Reasonable Hourly Rates*

A reasonable hourly rate "is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. In general, the relevant legal community is the place where the case is filed. See Cullens v. Ga. Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). This case was filed in Columbus, Georgia, in the Middle District of Georgia.

The party requesting attorneys' fees has the burden of "establishing entitlement and documenting the appropriate . . . hourly rate." Norman, 836 F.2d at 1304. In determining the similarity of attorneys, the analysis is affected by factors such as skill, reputation, and experience. See id. Plaintiffs have proposed rates of $275.00 per hour for Heather Karrh's time, $300.00 per hour for Michael Hofrichter's time, and $200.00 per hour for Gary Bruce's time.

*(i) Heather Karrh*

Plaintiff's lead counsel, Heather Karrh, is a partner in the law firm of Rogers, Hofrichter & Karrh, P.C. with a little over 10 years of experience, specializing in ERISA cases. Ninety percent of Karrh's caseload involves ERISA disability cases like the one at bar. Although Karrh certainly possesses the requisite experience and skill to effectively handle the ERISA disability claims involved in this action, the Court finds that a rate of $275.00 per hour is not comparable to similarly situated attorneys with the requisite experience in the Columbus area, and thus reduces her rate to $225.00 per hour.

*(ii) Michael Hofrichter*

Like Karrh, Michael Hofrichter is a named partner in the law firm he founded in 1993. Hofrichter has practiced law for over 17 years and also specializes in ERISA claims. Although his

8

experience, abilities, and reputation in this specialized area of law equip Hofrichter with the undoubted ability to effectively handle this case, the Court finds that a rate of $300.00 per hour is not comparable to similarly situated attorneys in the Columbus area and thus reduces his rate to $250.00 per hour.

    *(iii) Gary Bruce*

Gary Bruce is a solo practitioner in Columbus, Georgia with over 21 years of legal experience. Bruce does not specialize in ERISA claims as his practice is primarily devoted to representation of individuals against claims against insurance companies. Based on his years of legal experience, expertise, and abilities, Bruce regularly charges $200.00 per hour for his services. The Court finds this rate to be reasonable.

    b. *Reasonable Hours Expended*

In determining reasonable attorneys' fees, district courts "are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Am. Civil Liberties Union v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999). Thus "excessive, redundant or otherwise unnecessary hours [should be] excluded from the amount claimed." Norman, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). This means a party seeking to recover attorneys' fees may not be compensated for hours that would not be billed to a client of means, regardless of the attorney's skill, reputation, or experience. See id.

Counsel have billed a total of 221.85 hours of work representing Plaintiff in this action: 171.8 hours for Karrh, 29.3 hours for Hofrichter, and 20.75 hours for Bruce. After careful review of time identified on the Billing Statement, the Court finds these hours to be reasonable. This case spanned

9

over three years, involved complex legal issues, a large claims file (900+ pages), multiple research topics, records from several doctors and hospitals, three depositions, several lengthy briefs and reply briefs, and numerous letters and phone calls. Despite Defendant's contentions otherwise, the Court finds that the total time spent on this case is legitimate and reasonable.

*3. Fees and Expenses*

Plaintiff's attorneys request fees and expenses in the amount of $2,037.21. This amount reflects $247.97 in medical records and questionnaire fees, $250.00 in court filing fees, $1527.24 in witness fees and deposition transcripts, and $12.00 in copy fees. Based on the Expense Invoice attached to Plaintiff's filing, the Court finds that these expenses are legitimate and reasonable and awards them to Plaintiff's attorneys in full.

**C. Ancillary Benefits**

Plaintiff is also entitled to all ancillary employee benefits to which she was entitled prior to Defendant's termination of her disability benefits, including medical, dental, vision, and limited pension benefits as set forth under Defendant's current plan.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. The Court **HEREBY ORDERS** Defendant to (1) pay prejudgment interest at the rate set forth under O.C.G.A. § 7-4-12 (9% per year), to be compounded annually; (2) pay an award of $50,130.00 in attorneys' fees as calculated in the Appendix to this Order, see Coastal Fuels Mktg., Inc. v. Fla. Express Shipping Co., 207 F.3d 1247, 1252 (11th Cir. 2000) (stating that court granting award of attorneys' fees should provide a summary table of how it arrived at calculation awarded), and $2,037.21 in costs and expenses as itemized in Plaintiff's Expense Invoice; and (3) reinstate all ancillary benefits to which

Plaintiff was entitled prior to Defendant's termination of her long-term disability benefits.

SO ORDERED, this 18th day of March, 2008.

                                                        S/ C. Ashley Royal
                                                        C. ASHLEY ROYAL
                                                        UNITED STATES DISTRICT COURT

SSH/scs

**APPENDIX**

**Calculation of Attorney Fees and Expenses**

*Karrh*

| | |
|---|---:|
| *Total Hours Claimed* | 171.8 |
| *Total Reasonable Hours* | 171.8 |
| *Reasonable Rate* | $225.00 /hr. |
| *Total Attorney Fees(Total Reasonable Hours multiplied by Reasonable Rate)* | $38,655.00 |

*Hofrichter*

| | |
|---|---:|
| *Total Hours Claimed* | 29.3 |
| *Total Reasonable Hours* | 29.3 |
| *Reasonable Rate* | $250.00 /hr. |
| *Total Attorney Fees (Total Reasonable Hours multiplied by Reasonable Rate)* | $7,325.00 |

*Bruce*

| | |
|---|---:|
| *Total Hours Claimed* | 20.75 |
| *Total Reasonable Hours* | 20.75 |
| *Reasonable Rate* | $200.00 /hr. |
| *Total Attorney Fees* | $4,150.00 |

| | |
|---|---:|
| **Total Attorneys' Fees Awarded** | **$50,130.00** |